1              UNITED STATES DISTRICT COURT
2                DISTRICT OF PUERTO RICO

3  THE SENATE OF THE COMMONWEALTH
4  OF PUERTO RICO,
5
6       Plaintiff,                      Civil No. 05-2082 (JAF)

7       v.

8  HON. ANIBAL ACEVEDO VILA,
9  et al.,

10      Defendants.


11                        **O R D E R**

12                            **I.**

13                       **Background**

14      On October 11, 2005, Plaintiff, the Senate of the Commonwealth

15  of Puerto Rico ("Plaintiff" or "the Senate"), filed the present

16  action against Defendants, Aníbal Acevedo Vilá ("the Governor"), Juan

17  Carlos Méndez, and Ileana Fas Pacheco in their official capacities

18  ("Defendants"), seeking injunctive relief under the Federal Relations

19  Act ("FRA"), 48 U.S.C. § 821 ("Section 37") (2003). Docket Document

20  No. 1. On October 19 and 20, 2005, we issued an opinion and order

21  dismissing the case, holding that the controversy between the parties

22  did not raise a federal question. Docket Document Nos. 19, 20.

23      On November 3, 2005, Defendants filed a motion seeking

24  attorneys' fees, pursuant to Rule 54 of the Federal Rules of Civil

25  Procedure and 28 U.S.C. § 1927. Docket Document No. 24. Plaintiff

Civil No. 05-2082 (JAF)                                              -2-

1   filed a response in opposition to Defendants' motion on November 24,

2   2005.  Docket Document No. 29.

3                                  **II.**

4                            **Legal Analysis**

5   _____In the United States, the general rule is that, in the absence

6   of legislation providing otherwise, litigants must pay their own

7   attorney's fees.  Christiansburg Garment Co. v. EEOC, 434 U.S. 412,

8   415 (1978).  In order for attorney's fees to be awarded, a prevailing

9   defendant must "establish that the plaintiffs' suit was totally

10  unfounded, frivolous, or otherwise unreasonable."  Casa Marie Hogar

11  Geriatrico, Inc. v. Rivera-Santos, 38 F.3d 615, 618 (1st Cir. 1994).

12       District courts have an inherent power to grant attorney's fees

13  to a prevailing party when the losing party has "acted in bad faith,

14  vexatiously, wantonly, or for oppressive reasons."  Dubois v. U.S.

15  Dept. of Agric., 270 F.3d 80 (quoting Chambers v. NASCO, Inc., 501

16  U.S. 32, 33 (1991).  This power should be used "sparingly and

17  reserved for egregious circumstances," and must be "used with great

18  circumspection and restraint, employed only in compelling

19  situations."  Id. (internal citations omitted).

20       Under 28 U.S.C. § 1927, district courts may also award

21  attorney's fees when an attorney "unreasonably and vexatiously"

22  multiplies proceedings. 28 U.S.C. § 1927. In the First Circuit,

23  behavior is vexatious when it is "harassing or annoying." Cruz v.

24  Savage, 896 F.2d, 626, 632 (1st Cir. 1990).

Civil No. 05-2082 (JAF)                                                          -3-

1        _____In the case at hand, Defendants seek attorneys' fees and

2    sanctions, alleging that Plaintiff raised frivolous and vexatious

3    claims under the FRA that have repeatedly been resolved by a "myriad

4    of courts all across the federal judiciary." <u>Docket Document No. 24</u>.

5    The crux of Plaintiff's case centered on whether a dispute between

6    the Senate and the Governor over the 2005 budget gave rise to a

7    federal question under § 37 of the FRA.

8        In making a determination regarding whether a plaintiff's suit

9    is unfounded, frivolous or otherwise unreasonable, a court must

10   "resist the understandable temptation to engage in *post hoc* reasoning

11   by concluding that, because a plaintiff did not ultimately prevail,

12   his action must have been unreasonable or without foundation."

13   <u>Christiansburg Garment Co.</u>, 434 U.S. at 421-22. Although it is clear

14   that § 37 of the FRA did not federalize local Commonwealth

15   separation-of-powers conflicts, Plaintiff's complaint raised a novel

16   legal claim that had heretofore not been analyzed by a federal court.

17   Although Defendants argue that this court's prompt handling of the

18   matter reflects the frivolous nature of Plaintiff's claim, the

19   expedited schedule utilized to resolve this matter was, in fact,

20   driven by the extreme politically and time-sensitive nature of the

21   controversy.

22       We are not convinced that Plaintiff's complaint was so

23   unreasonable or without foundation as to rise to the level of

24   egregiousness required for us to impose sanctions.   Nor do we find

Civil No. 05-2082 (JAF)                                                    -4-

1    Plaintiff's attorneys' actions to be sufficiently annoying or

2    harassing to award attorney's fees under 28 U.S.C. § 1927.

3         In accordance with the foregoing, we **DENY** Defendants' request

4    for attorney's fees, with each party to bear its own costs and fees.

5         **IT IS SO ORDERED**.

6         San Juan, Puerto Rico, this 7th day of December, 2005.

7                                        S/José Antonio Fusté
8                                        JOSE ANTONIO FUSTE
9                                        Chief U. S. District Judge